**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RASHOD COSTON,**

                **Petitioner,**

                                              **5:14-CV-1331(NAM)**
**v.**                                             **5:11-CR-0272 (NAM)**

**UNITED STATES OF AMERICA,**

                **Respondent.**
_____

**APPEARANCES:**

Rashod Coston, Pro se
233 W. 140 St.
Apt. 5C
New York, NY 10030

Richard S. Hartunian
United States Attorney
Gwendolyn E. Carroll,
Assistant United States Attorney
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

       On February 24, 2012, petitioner Rashod Coston entered a guilty plea to Count One of the

indictment charging him with access device fraud, in violation of 18 U.S.C. §§ 1029(a)(2) and

(c)(1)(A)(i). On November 9, 2012, the Court sentenced petitioner to a term of imprisonment of

27 months. Petitioner appealed. On December 10, 2013, the Second Circuit, concluding that the

waiver of appeal provision in the plea agreement was enforceable, dismissed the appeal. *United States v. Coston*, 737 F.3d 235 (2d Cir. 2013). Presently before the Court is petitioner's motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of property seized pursuant to a search warrant issued by Syracuse City Court Judge Rory A. McMahon on March 3, 2011. Dkt. Nos. 1, 3, 4. Petitioner asserts that this property was "grossly unrelated to the search [and] seizure itinerary and unrelated to the instant offense." Dkt. No. 1. Petitioner also moves for default judgment and summary judgment against the government based on the government's failure to respond to his motion for return of property. Dkt. No. 2. This motion is denied as moot; the government has responded to petitioner's motion. Dkt. Nos. 5, 6.

## PROPERTY AT ISSUE

Defendant requests that the government return the following items: (1) Movado watch; (2) Gucci watch; (3) Nikon Coolpix digital camera; (4) 24" 14k gold chain necklace with cross; (5) 17.4" Sony laptop; (6) 2 pairs of Stacy Adams dress shoes; (7) 2 pairs of "uggz" boots; (8) Polo (Ralph Lauren) vest; (9) 6 colognes and fragrances; (10) Express brand clothing; and (11) an assortment of other clothing items.

In response, the government states that it has returned much of the property to petitioner's mother Marvine Coston and that petitioner has no legal right to the remainder of the property because he obtained it fraudulently. The government asserts that defendant purchased the watches at Lord & Taylor using a credit cart that had been cancelled, "and, thus is not property to which the defendant has a legal right." Dkt. No. 6; *see also* Dkt. No. 5, p.29 (Lord & Taylor receipt). The government has also presented evidence that defendant purchased the camera and gold necklace using inactive or cancelled bank accounts. Dkt. No. 5, pp.31, 35. The government states

that a Sony laptop was never seized. The government's submissions indicate that a Gateway laptop, however, was returned to petitioner's mother. Dkt. No. 5, p.23. Regarding items 5-10, the government states: "all items of clothing acquired from Lord and Taylor and were reclaimed by Lord and Taylor's representative who was able to reclaim the property based on the serial numbers listed on the tags still contained on the items at the time of their seizure." Dkt. No. 6, p.8. The government states that it has returned all other items to petitioner's mother. Dkt. No. 5, pp.22-27 ("Certified Inventory of Personal Property" and acknowledgment of relinquishment by Marvine Coston).

## DISCUSSION

Rule 41(g) of the Federal Rules of Criminal Procedure authorizes "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property" to "move for the property's return." Fed. R. Crim. P. 41(g). Rule 41(g) further provides:

> The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). "The district court where a defendant is tried has ancillary jurisdiction to decide the defendant's post-trial motion for return of seized property." *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir. 1994). "In cases where the property is still in the government's possession, the district court may order the return of the property to its rightful owner." *United States v. Romano*, Nos. 09 CR 170, 13 MC 1105, 2014 WL 5421234, at *2 (E.D.N.Y. Oct. 23, 2014). To succeed on a Rule 41(g) motion, the moving party "must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the

seizure was illegal or the government's need for the property as evidence has ended." *Ferreira v. United States*, 354 F.Supp.2d 406, 409 (S.D.N.Y. 2005).

In this case, much of the property at issue has been returned to petitioner's mother. Thus, petitioner is not entitled to relief with respect to those items and his request is denied.

Further, the Court concludes that petitioner is not entitled to return of the watches, the camera, the gold necklace and clothing items (6), (7), (8) and (10). Petitioner pleaded guilty to one count of access device fraud: he admitted the fraudulent use of closed credit cards and bank accounts to make purchases at a number of stores, including Lord & Taylor, Radio Shack and Downtown Jewelry. Thus, petitioner has failed to show, in the first instance, that "he is entitled to lawful possession of the seized property". *Id.*

The government states that it never seized, and does not have in its possession item (5), a Sony laptop. Thus, petitioner's request for the return of a Sony laptop is denied.

The government, however, made no specific response to petitioner's request for the return of the six bottles of cologne and fragrance petitioner listed in his initial moving papers (item (6) above). Dkt. No. 1. Nor does it appear from the acknowledgments of relinquishment that such items were returned to petitioner's mother. Accordingly the government is directed to file a response to this request.

Finally, petitioner requests a copy of "the inventory recipient log/index documenting certain items and property as being claimed, relinquished and/or transferred to third party recipients." Dkt. No. 7. The Clerk of the Court is directed to provide petitioner with a copy of Dkt. No. 5, which contains these documents.

## CONCLUSION

For these reasons, it is

**ORDERED** that petitioner's motion for return of property (Dkt. Nos. 1, 3, 4) is **denied** with respect to all items except the six bottles of cologne and fragrance he identified in his initial moving papers; and it is further

**ORDERED** that the **government is directed to file a response to petitioner's request for the return of the six bottles of cologne and fragrance** he identified in his initial moving papers **on or before December 4, 2014.** Petitioner's reply, if any shall be filed **on or before December 18, 2014**; and it is further

**ORDERED** that petitioner's motion (Dkt. No. 2) for default judgment and summary judgment based on the government's failure to respond to his motion for return of property is **denied as moot**; and it is further

**ORDERED** that with respect to petitioner's motion (Dkt. No. 7), the Clerk of the Court shall provide to petitioner, along with a copy of this Memorandum-Decision and Order, a copy of Dkt. No. 5.

**IT IS SO ORDERED.**

Date:   November 4, 2014

Norman A. Mordue
Senior U.S. District Judge